**William Andrew POWELL, an individual, Plaintiff,**

v.

**The COFFEE BEANERY, LTD., a Michigan corporation, Defendant.**

Civil Action No. 96–40202.

United States District Court, E.D. Michigan, Southern Division.

July 31, 1996.

Stanford P. Berenbaum, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for Coffee Beanery, Ltd.

Eric G. Stockel, Jonathan D. Rapore, Rapore & Lowe, Santa Monica, CA, for William Andrew Powell.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff initially brought this action in California state court, alleging violations of state law. Defendant removed the action to federal court in California and then had it transferred to the Eastern District of Michigan. The action was then reassigned to this court because this court was already handling a separate suit brought by defendant against plaintiff arising from the same general dispute between the parties.[1] The Coffee Beanery (hereinafter "TCB") moves for summary judgment with respect to William Powell's (hereinafter "Powell") second cause of action, alleging violation of California Franchise Investment Law § 31119. For the following reasons, this court will grant TCB's motion

---

1. The case number of the suit brought by the Coffee Beanery, LTD. against William Powell (and his father, John Powell) is 96–40087.

and dismiss the claim under the California Franchise Investment Law.

## I. Factual Background

On February 16, 1993, Powell and TCB entered into a franchise agreement. This franchise agreement gave Powell the right to operate a Coffee Beanery store in the Burbank Mall in Burbank, California. On February 1, 1994, William Powell entered into an additional franchise agreement with the plaintiff to open another store. Initially, Powell was going to open up a coffee cart at the Burbank Airport. In June, 1994, however, TCB and Powell agreed that Powell would open a store in Santa Monica. This store was eventually opened in Santa Monica, California in August, 1995.

On January 4, 1996, Powell closed his franchise in Santa Monica, purportedly because of financial difficulties. The next day TCB terminated both of its franchise agreements with the defendant. On February 20, 1996, Powell brought an action against TCB in California state court asserting claims of negligent misrepresentation and violation of § 31119 of California's Franchise Investment Law. With regard to the § 31119 claim, Powell specifically alleges that TCB did not provide him with a copy of its offering circular before accepting payment for the franchise.

TCB now moves to have the § 31119 claim dismissed under the applicable statute of limitations.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v.*

*Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). This burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2551–52; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## III. Analysis

The applicable statute of limitation for a § 31119 claim provides:

No action shall be maintained to enforce any liability created under Section 31300 unless brought before the expiration of four years after the act or transaction constituting the violation, the expiration of one year after the discovery by the plaintiff of the fact constituting the violation, or 90 days after delivery to the franchisee of a written notice disclosing any violation of Section 31110 or 31200, which notice shall be approved as to form by the commissioner, whichever shall first expire.

Cal.Corp.Code § 31303. Section 31300 provides, in part:

Any person who offers or sells, a franchise in violation of Section 31101, 31110, 31119, 31200, or 31202, shall be liable to the franchisee or subfranchisor, who may sue for damages caused thereby, and if such violation is willful, the franchisee may also sue for rescission....

Cal.Corp.Code § 31300. Therefore, § 31303 provides the limitations period for violations of §§ 31101, 31110, 31119, 31200, and 31202. In the present case, Powell alleges violation of § 31119.

Although there are disputed facts concerning the details of the negotiations for the second franchise agreement, these facts are not important to the issue before this court. Even assuming that TCB blatantly disregarded § 31119 when it negotiated with Powell concerning the second franchise, if a one year statute of limitations applies, Powell's action would be barred. This is because the contract was signed in February, 1994, yet Powell did not bring suit until February, 1996.

The one year statute of limitations begins to run from the date that a claimant discovers "the fact constituting the violation." Therefore, the only issue this court need decide, is whether, at the time of the signing of the franchise contract, Powell was aware of the "fact constituting the violation" of § 31119, as that phrase is used in § 31303.

Powell argues that § 31303 should be interpreted such that the one year limitations period would only begin to run from the date that a claimant discovers that the facts of which he is aware constitute a violation. Under that interpretation, Powell asserts that his claim is not time barred because he did not become aware of the violation until after he spoke with his lawyer regarding this matter, long after he signed the contract. Unfortunately for Powell, this court cannot accept such an interpretation, because it directly contradicts the plain language of the statute.

By using the words "the expiration of one year after the discovery by the plaintiff *of the fact* constituting the violation," the California legislature expressly and unambiguously chose to start the one year limitations period from the date that the claimant became aware of the facts constituting the violation, regardless of whether the claimant knew that the facts constituted a violation. Further, such interpretation is consistent with "the well established rule that ignorance of the legal significance of known facts ... [do] not delay the running of the statute [of limitations]—only ignorance of one or more 'critical facts' could have that effect." *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110, 245 Cal. Rptr. 658, 751 P.2d 923 (1988) (en banc).

In the present case, it is clear that Powell knew of the critical facts (i.e., the dates that he signed the franchise agreement, paid compensation to TBC, received an offering circular and contract from TBC, etc.) two years before he brought suit. The only thing of which he was unaware was the legal significance of those facts.

Powell cites *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 673 F.Supp. 1493 (C.D.Cal.1987), *aff'd in part and remanded in part*, 890 F.2d 165 (9th Cir.1989) in support of his argument. *Dollar Systems* does not, however, address any arguments concerning the one year statute of limitations set out in § 31303. Therefore, this court cannot rely on that case to justify an interpretation of § 31303 that is so contrary to its plain language.[2]

Powell also notes that § 31303 allows four years from the date of the violation, or one

---

**2.** This court has found no published opinions addressing this precise point with regard to § 31303. One recent unpublished opinion by the

Ninth Circuit, however, has arrived at the same conclusion as this court. *Kemper v. Merle Norman Cosmetics, Inc.*, 15 F.3d 1086 (9th Cir.

year from the date of the discovery of the facts constituting the violation to bring suit, whichever is shorter. Powell points out that in nearly every case alleging a violation of § 31119, the claimant will be aware of the facts constituting the violation at the time that the violation occurs, i.e., when he signs the franchise agreement or pays the franchisor. Therefore, Powell argues, interpreting the one year limitations period to begin once a claimant knows of the facts constituting a violation, rather than once he becomes aware that the facts constitute a violation, would render meaningless the four year statute of limitation included in § 31303. This argument is unavailing for the simple reason that § 31303 is the statute of limitations for violations of §§ 31101, 31110, 31119, 31200, and 31202. Simply because it is unlikely that the four year period of limitations would ever apply to a case alleging violation of § 31119, does not mean that the four year period is meaningless. It could very well be used in cases alleging violations of the other applicable statutes.

In short, this court holds that the language of § 31303 is clear—the one year period of limitations begins to run from the date that a claimant knows of the facts constituting a violation. This is true even if the claimant is unaware that a violation has actually occurred. Applying § 31303 to this case, the conclusion is inescapable that Powell was aware of the facts constituting the violation about two years prior to filing suit. Accordingly, Powell's claim under the California Franchise Investment Law is time barred and will be dismissed.

### ORDER

Therefore, it is hereby **ORDERED** that The Coffee Beanery, Ltd.'s motion for summary judgment with respect to William Powell's Second Cause of Action be **GRANTED** and that the Second Cause of Action be **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

1994); No. 92–55974 1994 WL 6601, at *5 (9th Cir. Jan 10, 1994).